# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

ROBERTO CABRERA ESQUIVEL, #41078-018                    PLAINTIFF

VS.                                            CIVIL ACTION NO. 5:08cv242-DCB-MTP

CONSTANCE REESE, et al.                                       DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the court on the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [12]. Having reviewed the submissions of the parties, the entire record in this matter and the applicable law, and being fully advised in the premises, the undersigned recommends that the Defendants' Motion [12] be GRANTED and that this matter should be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies.

### FACTUAL BACKGROUND

Plaintiff Roberto Esquivel-Cabrera[1] was convicted of illegal re-entry and on November 6, 2003, he was sentenced to a term of 110 months imprisonment by the Honorable Judge Moody in the Middle District of Florida. Plaintiff is projected to be released from serving his criminal sentence on August 10, 2011. A detainer is on file and Plaintiff may be deported when he completes his sentence. *See* Exhs. 1, 2 & 3 to Motion to Dismiss.

Plaintiff, proceeding *pro se*, filed his complaint on or about July 15, 2008, against the following Defendants: Constance Reese, former Warden at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"); Russell A. Perdue, Associate Warden at FCC Yazoo City; Roy C. Cheatham, Captain at FCC Yazoo City; Salvatore A. Castelli, Sr., Deputy

---

[1] The style of this case shows Plaintiff's name as Roberto Cabrera Esquivel and Plaintiff signed his name as R Esquivel C. However, Bureau of Prisons records refer to him as "Roberto Esquivel-Cabrera."

Captain at FCC Yazoo City; Debra D. Dawson, Special Investigative Supervisor at FCC Yazoo City; and Darryl L. Hooks, Unit Manager at FCC Yazoo City.[2] Plaintiff alleges that Defendants placed him in an "18-month Supermax-type atypical control unit" at FCC Yazoo City on August 20, 2007,[3] solely based on his Mexican descent or nationality. Plaintiff claims he was placed in this unit without notice of the charges or an opportunity to be heard. He claims he suffered significant hardships in this unit, including 158 hours per week or more of cell confinement, deprivation of haircuts and unspecified general population privileges, and deprivation of visitation, law library access and religious services. He claims Defendants acted with deliberate indifference to his constitutional rights. Plaintiff seeks compensatory damages in the amount of $3 million; exemplary damages in the amount of $10 million; a restraining order to prevent Defendants from retaliating against him; and attorneys fees, costs, and interest. *See* Complaint [1] at 4-5.

On October 7, 2008, Defendants filed their Motion to Dismiss or, in the Alternative, for Summary Judgment [12]. In their Motion, Defendants argue that Plaintiff's claims should be dismissed because: 1) Plaintiff has failed to exhaust his administrative remedies; 2) Plaintiff has failed to demonstrate a violation of his constitutional rights; and 3) Defendants are entitled to qualified immunity.

## STANDARD

---

[2] Attorney General Michael B. Mukasey (incorrectly spelled "Murksey" in the complaint) was dismissed as a defendant by the court's Order [6] dated August 7, 2008.

[3] Defendants admit that Plaintiff was placed in the Special Housing Unit (SHU) on August 21, 2007, and that he was transferred to Unit F-2 (also called the "Restricted Unit") on September 26, 2007. This unit later came to be called the Gang Behavior Unit ("GBU"). On March 26, 2008, Plaintiff was released back to the general population. *See* Motion to Dismiss at 5-8 & accompanying exhibits.

Because the Defendants have submitted matters outside the pleadings with their Motion to Dismiss or, in the Alternative, for Summary Judgment [22], the motion should be characterized as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565, 568 (5th Cir. 1991).

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy

regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

ANALYSIS

Plaintiff filed his complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. A *Bivens* action mirrors a civil rights action brought under 42 U.S.C. § 1983, the difference being that a *Bivens* action applies to alleged constitutional violations by federal actors, while a Section 1983 action applies to alleged constitutional violations by state actors. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

Defendants claim, in part, that this matter should be dismissed because Plaintiff failed to exhaust his administrative remedies.[4] The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983 or "any other Federal law." Accordingly, federal prisoners filing suit under *Bivens* "must first exhaust inmate grievance procedures just as state prisoners must exhaust

---

[4] The BOP's Administrative Remedy Program ("ARP") is set forth at 28 C.F.R. § 542.10, *et seq.* The first step of the ARP process is the informal presentation of the issue to prison staff. If that does not resolve the issue, the inmate must submit a formal Request for Administrative Remedy. If the inmate is not satisfied with the warden's response to that request, he or she may submit an appeal to the appropriate BOP regional director, and may then appeal that decision to the General Counsel. That step "is the final administrative appeal" and its completion, therefore, constitutes exhaustion of administrative remedies.

4

administrative processes prior to instituting a § 1983 suit." *Porter v. Russels*, 534 U.S. 516, 524 (2002); *see also Schipke v. Van Buren*, 239 Fed. Appx. 85, 86 (5th Cir. Aug. 30, 2007).

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. Jan. 14, 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (*citing Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't.*, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85.

It is clear that Plaintiff has failed to fulfill the requirements of the BOP's Administrative Remedy Program with respect to the claims asserted in this lawsuit. In his Complaint, Plaintiff concedes that he did not exhaust his administrative remedies, but claims that his administrative remedy requests were never answered. *See* Complaint [1] at 3. However, Plaintiff failed to provide any documentation supporting his assertion that he attempted to exhaust his claim, nor any information whatsoever regarding when or how such requests were allegedly made by him.[5] Moreover, even if this claim were true, "[t]he failure of prison officials to respond to a grievance does not constitute a valid excuse for failure to exhaust administrative remedies." *Johnson v.*

---

[5] In the Complaint, Plaintiff answered "yes" to the question "Did you present the facts relating to your complaint to the administrative or grievance procedure in your institution." However, he left blank the answers to the follow-up questions: "State how your claims were presented (written request, verbal request, request for forms)"; "State the date your claims were presented"; and "State the result of the procedure." *See* Complaint at 3.

*Cheney*, 2008 WL 534606, at * 3 (N.D. Tex. Feb. 8, 2008) (citations omitted); *see also Curry v. Alexandre*, 2006 WL 2547062, at * 3 (W.D. La. June 19, 2006 (*citing Wright v. Hollingworth*, 260 F.3d 357, 358 (5th Cir. 2001)) ("a plaintiff cannot be excused from the PLRA's mandatory exhaustion requirements based on allegations that his grievance(s) was ignored."). Indeed, BOP policy provides authority for inmates who do not receive timely responses to administrative remedy submissions to pursue their appeals. *See* 28 C.F.R. § 542.18.[6] It does not appear that Plaintiff pursued any such appeals.

Plaintiff also claims that he was unaware of the administrative remedy process because he was denied access to the law library. *See* Response [14] to Motion to Dismiss at 3. However, the record shows that when Plaintiff was processed through FCC Yazoo City's Admissions and Orientation Program on November 15, 2005, he was made aware of the existence of the Administrative Remedy Program and signed an acknowledgment that he had received information about the ARP. *See* Exh. A to Defendants' Reply [17].

## CONCLUSION

Plaintiff has failed to exhaust his administrative remedies. As he has not demonstrated that exhaustion would have been futile or that administrative remedies were unavailable or inappropriate,[7] his complaint should be dismissed without prejudice.

## RECOMMENDATION

---

[6] "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."

[7] "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Schipke*, 239 Fed. Appx. at 86 (*quoting Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994)). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.*

6

For the reasons stated above, it is the recommendation of the undersigned that Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [12] be granted, and that this matter should be dismissed without prejudice for Plaintiff's failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 23rd day of February, 2009.

s/ Michael T. Parker  
United States Magistrate Judge
